# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MICHAEL HANAN | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 16-CR-78<br><br>USM Number: 15651-089<br><br>William Burke<br>Defendant's Attorney<br>Rebecca Taibleson<br>Assistant United States Attorney |

## THE DEFENDANT:

☒ pleaded guilty to counts 1 and 3 of the indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **18 U.S.C. § 1029** | **fraud in connection with access devices** | 5/24/16 | 1 |
| **18 U.S.C. § 1028A** | **aggravated identity theft** | 3/5/16 | 3 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts 2, 4, 5, and 6 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

December 19, 2016
Date of Imposition of Judgment

/s Lynn Adelman

Signature of Judicial Officer

Lynn Adelman, District Judge
Name & Title of Judicial Officer

December 20, 2016
Date

AO 245B  (Rev. 10/15) Judgment in a Criminal Case:
　　　　　Sheet 2 - Imprisonment

Defendant:　　　　　MICHAEL HANAN
Case Number:　　　　16-CR-78

## IMPRISONMENT

　　　The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **24 months on count one and 24 months on count three running consecutively for a total of 48 months.**

☒　The court makes the following recommendations to the Bureau of Prisons: the RDAP; placement at Oxford.

☒　The defendant is remanded to the custody of the United States Marshal.

☐　The defendant shall surrender to the United States Marshal for this district.

　　☐　at _____ ☐ a.m.　☐ p.m.　on _____

　　☐　as notified by the United States Marshal.

☐　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

　　☐　before 2 p.m. on _____ .

　　☐　as notified by the United States Marshal.

　　☐　as notified by the Probation or Pretrial Services Office.

## RETURN

　　I have executed this judgment as follows:

Defendant delivered on _____　to　_____

a _____ , with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　By　　　_____
　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

Defendant:     **MICHAEL HANAN**
Case Number:    **16-CR-78**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three years on count one and one year on count three running concurrently.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## CONDITIONS OF SUPERVISION

1. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment.
2. After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
3. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
4. The defendant must not knowingly leave the federal judicial district without first getting permission from the Court or the probation officer.
5. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.
6. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision, subject to his Fifth Amendment rights.
7. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where they work or anything about their work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.
8. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.
9. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with that person in any way.
10. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.
11. If the defendant is arrested or questioned by a law enforcement officer, the defendant must tell the probation officer within 72 hours.
12. The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the Court.

AO 245B (Rev. 10/15) Judgment in a Criminal Case:
        Sheet 3A - Supervised Release

---

Defendant:        MICHAEL HANAN
Case Number:    16-CR-78

## ADDITIONAL SUPERVISED RELEASE TERMS

13. The defendant shall not participate in any form of gambling, including the purchase of lottery tickets, or patronize any gambling facilities and shall attend Gambler's Anonymous meetings as approved by his supervising probation officer.

14. The defendant shall submit his person, property, house, residence, vehicle, office, papers, computers, other electronic communications or data storage devices, or media, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

15. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer, conditioned on his ability to pay. The defendant is to refrain from the use of all alcoholic beverages throughout the supervised release term.

16. The defendant is to pay the restitution at a rate of not less than $100.00 per month, conditioned on his ability to pay. Interest on the restitution is waived. The defendant will also apply 100 percent of any annual federal and/or state tax refund(s) toward payment of restitution. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer.

17. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of his conviction. The defendant shall not hold self-employment having fiduciary responsibilities without approval of his supervising probation officer.

18. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of his supervising probation officer.

19. The defendant is to provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

20. The defendant is to cooperate with Child Support Services in payment of any child support or arrearages and to make regular payments under the guidance and supervision of his supervising probation officer.

21. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation(s) and counseling as approved by his supervising probation officer. The defendant shall pay the cost of such treatment under the guidance and supervision of his supervising probation officer, conditioned on his ability to pay.

AO 245B (Rev 10/15) Judgment in a Criminal Case:
    Sheet 5 - Criminal Monetary Penalties

---

Defendant:      MICHAEL HANAN
Case Number:      16-CR-78

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$200.00** | **$** | **$91,186.72** |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Alliance Data/Comenity Bank<br>c/o Zachary Rader<br>220 West Schrock Road<br>Westerville, OH 43081 | | $79,469.72 | |
| Citi Security and Investigative Services<br>14700 Citicorp Drive<br>Building 2, 1st Floor, MC 5205<br>Hagerstown, MD 21742 | | $11,717.00 | |
| **Totals:** | $ _____ | $91,186.72 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine      ☒ restitution.

    ☐ the interest requirement for the    ☐ fine      ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 10/15) Judgment in a Criminal Case:
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| Defendant: | MICHAEL HANAN |
| Case Number: | 16-CR-78 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒    Lump sum payment of $200.00 (special assessments) due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance ☐ C, ☐ D, ☐ E or ☒ F below; or

**B** ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprison-ment to a term of supervision; or

**E** ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒    Special instructions regarding the payment of criminal monetary penalties: Defendant shall on release from prison make restitution payments of not less than $100/month, conditioned on his ability to pay.  Defendant shall also make a payment of $33,000 with his funds in the custody of Daniel Hanan.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.